**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| TIMOTHY J. ROTH | ) ) | No. 11-2079 |
| Defendant, | ) ) | |
| and | ) ) | |
| KEYOP EXERCISE, INC., MEZOLINK, INC. (F/K/A INTEGRATED DATA SECURITY, INC.), VCN CELECT.ORG, LLC, VCOMM NETWORKS OF CANADA, | ) ) ) ) ) | |
| Relief Defendants. | ) ) | |
| _____ | ) | |

**TEMPORARY RESTRAINING ORDER
AND ORDER FOR ANCILLARY RELIEF**

**THIS CAUSE COMING TO BE HEARD** on the Securities and Exchange

Commission's ("Commission") Motion for a Temporary Restraining Order and

Ancillary Relief against Defendant Timothy J. Roth ("Roth" or "Defendant") and

Relief Defendants KeyOp Exercise, Inc., Mezolink, Inc., VCN Celect.org, LLC,

and Vcomm Networks of Canada (together the "Relief Defendants"), the Court

having considered the Commission's Complaint; the Motion for a Temporary Restraining Order and Ancillary Relief; the Memorandum of Law in support of the Motion; the declarations of John Kustusch, James O'Keefe, Vernon Mercier, Jeana Craft, Dean Weisbeck; the exhibits to those declarations; and all other documents and arguments in support of the Commission's application for relief, and having been fully advised in the premises, the Court finds as follows:

1. This Court has jurisdiction over the subject matter of this case. There is good cause to believe the Court will have jurisdiction over all parties hereto.

2. There is good cause to believe that Defendant has engaged and is about to engage in transactions, practices and courses of business that violate Section 10(b) and Rule 10b-5 of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b); 17 C.F.R. § 240.10b-5].

3. There is good cause to believe that Defendant has, is, or is about to engage in transactions, practices and courses of business that violate Sections 206(1)-(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1)-(2)].

4. There is good cause to believe that, unless immediately restrained and enjoined by Order of this Court, Defendant will continue to engage in such transactions, acts, practices and courses of business and in such violations, and that investor funds may be dissipated and documents may be destroyed.

5. For these reasons, the relief set forth below is deemed appropriate.

# I. TEMPORARY RESTRAINING ORDER

A.    **IT IS HEREBY ORDERED** that Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby is temporarily restrained and enjoined from violating, directly or indirectly, Section 10(b) and Rule 10b-5 of the Exchange Act [15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    1.    to employ any device, scheme or artifice to defraud;

    2.    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    3.    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

B.    **IT IS FURTHER HEREBY ORDERED** that Defendant and his agents, servants, employees, attorneys, and those persons in active concert or participation with him and each of them, be and hereby is temporarily restrained and enjoined from, while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce

directly or indirectly, knowingly, willfully or recklessly, violating Sections
206(1) and (2) and Section 206(4) and Rule 206(4)-2 of the Advisers Act
[15 U.S.C. § 80b-6(1)-(2), (4) and 17 C.F.R. § 240.10b-5] by (i) employing
devices, schemes or artifices to defraud its clients or prospective clients;
(ii) engaging in transactions, practices and courses of business which have
operated as a fraud or deceit upon its clients or prospective clients; or
(iii) by failing to properly maintain custody of client funds.

## II. ASSET FREEZE

A.   **IT IS HEREBY FURTHER ORDERED** that until otherwise ordered by
this Court, all funds, accounts, and other assets are frozen (a) in which
Defendant Timothy J. Roth or Relief Defendants KeyOp Exercise, Inc.,
Mezolink, Inc., VCN Celect.org, LLC, and Vcomm Networks of Canada,
and/or each of them, has an ownership interest; (b) which are held in the
name of Defendant or Relief Defendants, and/or each of them; (c) or which
are held for the benefit of Defendant or Relief Defendants, and/or each of
them, including through corporations, trusts, partnerships, agents,
nominees, friends or relatives; and (d) which are traceable to funds and
assets, wherever located, belonging to the victims of Defendant Timothy J.
Roth's securities law violations alleged in the Commission's Complaint.

B.   **IT IS HEREBY FURTHER ORDERED** that Defendant Timothy J. Roth,
Relief Defendants KeyOp Exercise, Inc., Mezolink, Inc., VCN Celect.org,
LLC, and Vcomm Networks of Canada, and their officers, agents, servants,

employees, attorneys, and those persons in active concert or participation with any one or more of them, and/or each of them, who receive notice of the Order or of the terms of the asset freeze provisions contained herein are hereby restrained, directly or indirectly, from the following:

1.     withdrawing, transferring, selling, liquidating, pledging, encumbering, assigning, dissipating, concealing or otherwise disposing of, in any manner, any funds, assets, accounts or other property belonging to Defendant or Relief Defendants, and/or each of them, including, but not limited to, cash, real estate, free credit balances, fully paid-for securities, property pledged or hypothecated as collateral for loans, owned by, controlled by, or in the possession of Defendant or Relief Defendants, and/or each of them, and any and all accounts at any financial institution in the name of Defendant or Relief Defendants, and/or each of them, and any and all accounts at any financial institution in which Defendant or Relief Defendants, and/or each of them, have signatory authority or a beneficial interest;

2.     opening or causing to be opened any safe deposit boxes, commercial mail boxes, or storage facilities titled in the name of Defendant Timothy J. Roth or Relief Defendants KeyOp Exercise, Inc., Mezolink, Inc., VCN Celect.org, LLC, and Vcomm Networks of Canada, and/or each of them, or subject to access by Defendant or

Relief Defendants, without providing the Commission prior notice and an opportunity to inspect the contents in order to determine that they contain no assets subject to this Order.

C. **IT IS HEREBY FURTHER ORDERED** that any bank, financial or brokerage institution or other person or entity holding any such funds, assets, accounts or other property referred to in this Order, in the name of, for the benefit of, or under the control of Defendant Timothy J. Roth or Relief Defendants KeyOp Exercise, Inc., Mezolink, Inc., VCN Celect.org, LLC, and Vcomm Networks of Canada, and/or each of them, and which receives notice of this Order or of the terms of the asset freeze provisions contained herein, shall hold and retain within its control, and shall prohibit the withdrawal, removal, transfer, disposition, pledge, encumbrance, assignment, set off, sale, liquidation, dissipation, concealment, or other disposal of, any such funds, assets, accounts or other property.

D. **IT IS HEREBY FURTHER ORDERED** that to facilitate this asset freeze, no later than 9 a.m. Thursday, March 24, 2011, each Defendant and Relief Defendant shall identify to the Commission all accounts, including bank accounts, brokerage accounts, retirement accounts, trust accounts, credit card and debit card accounts, and lines of credit, in which that Defendant or Relief Defendant has an ownership or beneficial interest.

# III. ACCOUNTING

**IT IS HEREBY FURTHER ORDERED** that, within seven (7) calendar days of the issuance of this Order, each Defendant and Relief Defendant shall each make a sworn accounting to this Court in the manner set forth below. The sworn accounting shall cover the period from October 1, 2010 to the present.

A.    The sworn accounting shall reflect (1) all assets, funds and property received, directly or indirectly, from anyone who invested in, provided loans to, or otherwise gave, directly or indirectly, assets, funds or property to Defendant or any Relief Defendant; (2) the amount of such funds or value of such assets; (3) the location of where such funds were put and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds described in Section III.A.(1) of this Order and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

B.    For Defendant Timothy J. Roth, the sworn accounting shall further reflect (1) all assets, funds and property received, directly or indirectly, from any client; (2) the amount of such funds or value of such assets; (3) the location of where such funds were put and for each location provide the name and

address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location; (4) the uses to which such funds were put; and (5) the amounts of any remaining assets or funds described in Section III.B.(1) of this Order and their location and for each location provide the name and address of the bank or other financial institution, the account name, the account number and the approximate date on which the funds were placed at the location.

C.  For Defendant Timothy J. Roth, the sworn accounting shall further reflect all of his assets and liabilities, wherever such assets and liabilities are located. For each such asset and liability, the accounting shall include: (1) a description of the asset or liability; (2) the amount or value or the asset or liability; (3) the location of the asset or liability, including when appropriate the name and address of the bank or other financial institution in which the asset or liability is located, the account name, and the account number; (4) the date the asset was acquired or the date the liability was incurred; and (5) whether the asset is encumbered and, if so, the nature of the encumbrance, including the identity of the creditor or lien-holder.

## IV. RECORDS PRESERVATION

**IT IS HEREBY FURTHER ORDERED** that, until further order of this Court, Defendant and Relief Defendants and their officers, agents, servants, employees, attorneys, depositories, banks, and those persons in active concert or participation with it who receives notice of this order, and each of them, are hereby temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering illegible in any manner, any of the books, papers, emails, or communications, records, documents, correspondence, ledgers, accounts, statements, files and other property, and any retrievable information in computer storage, in the possession, custody or control of Defendant or Relief Defendants, that refer or relate to any of the allegations described in the Commission's Complaint, including but not limited to all documents and electronic data referencing or relating to the deferred compensation plans or participants thereof as referenced in the Complaint or referenced in the submissions the Commission made in support of its motion for a temporary restraining order. Such documents include, but are not limited to, handwritten notes, memoranda, emails, and any other documents or information, whether stored electronically or in "hard copy." In addition, Defendant and Relief Defendants are prohibited from attempting to have any such evidence in the possession, custody, or control of third parties destroyed or compromised in any manner.

## V. EXPEDITED DISCOVERY

**IT IS HEREBY FURTHER ORDERED** that:

A.    Immediately upon entry of this Order, the Commission may take depositions upon oral examination of parties and non-parties subject to three (3) calendar days notice. All parties shall comply with the provisions of Rule 45 of the Federal Rules of Civil Procedure regarding issuance and service of subpoenas and documents sought from nonparties, and such nonparties shall be subject to at least three (3) calendar days notice. Parties failing to appear for a properly noticed deposition shall be prohibited from introducing evidence at a hearing on the Commission's request for a preliminary injunction.

B.    Immediately upon entry of this Order, the Commission shall be entitled to serve requests for the production of documents, requests for admissions, and interrogatories. Absent agreement of the parties or an order of this Court, Defendant or Relief Defendants shall respond to such discovery requests and produce responsive documents within three (3) calendar days of service.

C.    Service of discovery requests shall be sufficient if made upon counsel of record or, if there is no counsel of record, upon the party itself, by both email and overnight courier delivery. All responses to the Commission's discovery, all discovery and pleadings, and all information to which the Commission is entitled pursuant to the terms of this Order shall be delivered to Jonathan S. Polish, Securities and Exchange Commission, Chicago

Regional Office, by email (polishj@sec.gov) or by overnight or messenger courier delivery (175 W. Jackson Blvd., Suite 900, Chicago, Illinois 60604, (312) 353-7390).

## VI. REPATRIATION

A.  **IT IS HEREBY FURTHER ORDERED** that each Defendant and Relief Defendant shall, within seven (7) calendar days of the date of this Order, repatriate to the territory of the United States all funds and assets that are held by Defendant or any Relief Defendant or are under their direct or indirect control, jointly or singly, and to deposit such repatriated funds into the Registry of this Court.

B.  **IT IS HEREBY FURTHER ORDERED** that each Defendant and Relief Defendant shall within seven (7) calendar days of the date of this Order, provide the Court and the Commission with a full accounting of the repatriated funds and assets.

## VII. WRIT OF *NE EXEAT* AND SURRENDER OF PASSPORT

A.  **IT IS HEREBY FURTHER ORDERED** that immediately upon entry of this Order and service thereof, Defendant Timothy J. Roth shall surrender to the Clerk of the Court all passports that he holds. The Clerk of the Court shall maintain custody of such passports until otherwise ordered by this Court.

B.    **IT IS HEREBY FURTHER ORDERED** that Defendant Timothy J. Roth is prohibited from traveling outside the United States unless and until this Court finds that he has fully complied with Section III (Accounting) and Section VI (Repatriation) of this Order.

## VIII. ANSWER & PRELIMINARY INJUNCTION PROCEEDING

**IT IS HEREBY FURTHER ORDERED** that:

A.    Defendant shall serve an Answer or otherwise respond to the Commission's Complaint within seven (7) calendar days from the date of this Order. The Court may deem the Commission's allegations admitted for purposes of the Commission's request for a preliminary injunction should a party fail to serve an Answer or otherwise respond within such time.

B.    The Commission's Motion for a Temporary Restraining Order and Order for Ancillary Relief, and all documents submitted in support thereof, shall be considered in support of the Commission's request for a preliminary injunction.

C.    Defendant and Relief Defendants shall serve, in the manner set forth in opposition to the Commission's request for a preliminary injunction and for other relief no later than 96 hours before any scheduled hearing on the motion for preliminary injunction. The Commission shall serve any reply at least 24 hours before any hearing on its request for a preliminary injunction by the most expeditious means available, including facsimile.

D.     If any party to this action intends to present the testimony of any witness at any hearing on a preliminary injunction in this matter, that party shall, at least three (3) calendar days prior to the scheduled date and time of hearing, serve on counsel for the other parties a statement of the name, address, telephone number of any such witness, and either a summary of the witness' expected testimony, or the witness' affidavit or declaration revealing the substance of such witness' expected testimony.

E.     All parties in this matter shall appear before this Court on March 30, 2011 at the hour of one (1) o'clock, p.m., and then and there show cause why a preliminary injunction should not be granted in accordance with the prayer for relief in the Commission's submissions to the Court.

## IX. OTHER RELIEF

A.     Nothing in this Order shall be construed to require Defendant or Relief Defendants to abandon or waive any constitutional or other legal privilege which he may have available to them.

B.     The United States Marshall in any district in which Defendant or Relief Defendants reside, transact business or may be found is authorized and directed to make service of process upon Defendant and Relief Defendants.

C.     The Commission is authorized to serve process on, and give notice of these proceedings and the relief granted herein to Defendant or Relief Defendants by U.S. Mail or by any other means authorized by the Federal Rules of Civil Procedure.

D.     This Court shall retain jurisdiction of this matter for all purposes.

E.     Pursuant to Federal Rule of Civil Procedure 65(c), no security is required of

the Commission.

Absent further Order of this Court or agreement of the parties in this matter, this

Order shall expire at the end of the Court's hearing on March 30, 2011.

**SO ORDERED:**


Dated: March 21st, 2011          s/ Michael M. Mihm_____
                                      **UNITED STATES DISTRICT JUDGE**