IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY J. ROTH<br><br>Defendant,<br><br>and<br><br>KEYOP EXERCISE, INC., MEZOLINK, INC. (F/K/A INTEGRATED DATA SECURITY, INC.), VCN CELECT.ORG, LLC, VCOMM NETWORKS OF CANADA,<br><br>Relief Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 11-cv-02079<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FINAL JUDGMENT AS TO DEFENDANT TIMOTHY J. ROTH**

The Securities and Exchange Commission having filed a Complaint and Defendant Timothy J. Roth having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or

otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from future violations of Section 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80(b)-6(1) and 80b-6(2)] by an investment adviser that uses any means or instrumentality of interstate commerce, or the mails, to:

    (a)    employ devices, schemes or artifices to defraud any client or prospective client; and

    (b)    engage in any transaction, practice , or course of business which operates as a fraud or deceit upon any client or prospective client.

III.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from future violations of Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(4)] and Rule 206(4)-2 [17 CFR § 275.206(4)-2] thereunder by an investment adviser that uses any means or instrumentality of interstate commerce, or the mails, to engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative, including:

(a) having custody of client funds unless: (1) it sends quarterly account statements to each of its clients for whom funds or securities are maintained identifying the amount of funds and of each security of which it has custody and setting forth all transaction during each period; (2) a public accountant verifies those funds and securities at least annually; and (3) the independent public accountant notifies the Commission within one business day upon finding any material discrepancy.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: __March 21__, __2013__

/s/ Michael M. Mihm
_____
UNITED STATES DISTRICT JUDGE