IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY J. ROTH,<br><br>Defendant,<br><br>and<br><br>KEYOP EXERCISE, INC., MEZOLINK, INC.<br>(F/K/A INTEGRATED DATA SECURITY<br>INC.), VCN CELECT.ORG, LLC,<br>VCOMM NETWORKS OF CANADA,<br><br>Relief Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-cv-02079 |

**ORDER APPROVING RECEIVER'S FINAL
REPORT AND PLAN OF DISTRIBUTION**

The Court having found that notice of the hearing on the Receiver's Notice Regarding

Receiver's Final Report and Plan of Distribution (ECF No. 262) and the opportunity for any party

in interest to object to this plan having been adequate and appropriate as to all parties affected

or to be affected by the plan of distribution proposed therein and filed by Receiver; and the

legal and factual bases set forth in the documents filed in support of approval and presented at

the hearing on November 4, 2015 establish just cause for the relief granted herein; and it

having been determined after hearing on notice that the requirements for approval of the plan

have been satisfied:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Capitalized terms used herein, unless otherwise defined, shall have the meaning ascribed to them in the Order Appointing Receiver, filed herein March 31, 2011 (ECF No. 31) (the "Order Appointing Receiver");

2. The Receiver's Motion for Order Approving Receiver's Final Report and Plan of Distribution, Approving Final Application of Compensation, Terminating the Receivership, Discharging the Receiver, and For Other Relief, filed by Receiver, Timothy L. Bertschy, on October 9, 2015, is **GRANTED**;

3. The Receiver's Final Report and Plan of Distribution and the accounting and proposed distributions attached thereto as Exhibit A are hereby **APPROVED** and **CONFIRMED**; subject to Paragraph 16 below regarding Attorneys' fees and expenses.

4. The Receiver is authorized to pay the outstanding professional fees and expenses and to distribute to the aggrieved investors any funds thereafter remaining, as set forth in the final accounting attached to the Receiver's Final Report and Plan of Distribution; all distributions and payments shall be made in accordance with the proposed distributions set forth in Exhibit A to the Receiver's Final Report and Proposed Plan of Distribution;

5. To the extent not explicitly addressed in this Order, all procedures set forth in the Final Report and Plan of Distribution are **APPROVED AND AUTHORIZED**;

6. The following settlements, negotiated and entered into by the Receiver with various parties, and claims of the Receiver, shall survive beyond the date of this Order, and the Receiver shall continue to have the powers set forth in the Order Appointing

Receiver solely for the purpose of prosecuting and administering these matters.

    a.   That certain settlement set forth in the Receiver's Motion to Approve Settlement with Black Card Media and Atish Doshi (ECF No. 206) as approved by this Court on July 30, 2015 (ECF No. 209);

    b.   That certain settlement set forth in the Receiver's Motion to Approve Settlement with Leon Odendaal (ECF No. 211) as approved by this Court on October 11, 2013 (ECF No. 212);

    c.   That certain settlement set forth in the Receiver's Motion to Approve Settlement Between the Receiver, Caught in the Crossfire, LLC and Richard D. Miller (ECF No 254) as approved by this Court on September 11, 2015 (ECF No 261); and

    d.   Those certain settlements and claims arising out of the First Amended Omnibus Complaint in *Timothy L. Bertschy, Receiver v. Anthony Roth*, *et. al.*, Case No. 13-CV-1298 except to the extent such claims were dismissed with prejudice.

7. This Court shall retain jurisdiction over the remaining matters set forth in Paragraph 6 above. All parties to this matter and all persons who receive actual notice of this Order are permanently **RESTRAINED AND ENJOINED** from proceeding in any litigation against the Receiver, his attorneys, accountants and consultants without first obtaining leave to sue from this Court.  To the extent any dispute arises concerning the Receiver's administration of the receivership estate, or to the extent any person or entity seeks to pursue or assert any claim or action against the

Receiver or any of his attorneys, accountants or consultants, arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

8. The Receiver is hereby authorized to enter into such settlement agreements or otherwise fully prosecute surviving and pending matters as set forth in the Receiver's Motion for Order Approving Receiver's Final Report and Plan of Distribution, Approving Final Application of Compensation, Terminating the Receivership, Discharging the Receiver and for Other Relief without further order of this Court and apply any recovery to attorneys' fees and expenses incurred in the prosecution thereof as set forth in the Receiver's Final Report and Plan of Distribution.  Funds remaining after payment of attorneys' fees and expenses will be distributed in accordance with the plan of distribution, subject to the priority of any federal tax claims.

9. After all activities of the Receiver have been completed, the Receiver shall file a simple Notice with the Court advising that all matters in this receivership have been concluded and that the receivership can be closed. Upon filing of the Notice, the receivership will be terminated and this case will be closed without necessity of further Order of the Court, and the Receiver shall be relieved of all of his duties and obligations under the orders entered in this matter, under the terms and conditions set forth herein.

10. Upon the filing of the Notice provided forth above, Timothy L. Bertschy, the Receiver, is and shall be fully relieved and discharged of all of his duties and

obligations under the orders entered in this matter and any other duties or obligations incident to his appointment or service as Receiver in this action.

11. It is further **DECLARED** that all actions taken by the Receiver, his attorney and his financial advisor in this matter were taken in the proper administration of the Receivership Estate and that the Receiver did not "conduct business" of the Defendant or Relief Defendants or Receivership Estates.

12. Neither the Receiver nor any of his attorneys, accountants or consultants shall have any liability to any person or entity for any action taken in connection with carrying out the procedures set forth in this Order or any other orders entered in this action, or otherwise taken in connection with the Receiver's appointment or service in this action. The Receiver and his attorneys, accountants, and consultants are hereby fully released and discharged from any and all claims and causes of action which might be brought against them for matters arising from their administration of the assets turned over to the Receiver, including without limitation any claim concerning or relating to the filing of any local, state, or federal tax returns for the Defendant and Relief Defendants and/or the reporting of any income, assets, or tax consequences to any person or entity; only those matters set forth in paragraph 6 above shall survive, which upon the filing of the Notice provided for above shall be fully released and discharged as outlined herein;

13. The Court retains jurisdiction over the matters set forth in the plan;

14. It is further **ORDERED** that the Receiver is authorized to abandon any interest in the records and assets of the Defendant and Relief Defendants, and the Receiver is

authorized to destroy or otherwise dispose of the records and remaining assets of
the Defendant and Relief Defendants, including but not limited to the closure and
removal of the Receiver's website at www.rothcosreceiver.com; and

15. Only those claims set forth in Paragraph 6 hereof shall survive entry of this Order;
pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that
there is no just cause for the delay in entry of the judgments set forth herein, and
this Order is a final order and the period in which an appeal must be filed shall
commence upon the entry hereof.

16. Attorneys' fees and expenses outstanding through November 3, 2015, shall
be allowed in the amount of $587,922.37.  The outstanding amount reflects
the amount to be paid after credit for previous interim payments (See Orders
dated December 21, 2011, and October 5, 2012), reductions based on Affidavit
(ECF No. 286), and this Court's review.  (Outstanding fees:  $561,350.08, Outstanding
Expenses:  $26,572.29).

Entered this 17th day of November 2015.

/s/ Michael M. Mihm
_____
Judge Michael M. Mihm

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

URBANA DIVISION

| | | |
|---|---|---|
| UNITED STATES SECURITIES | ) | |
| AND EXCHANGE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY J. ROTH, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | Case No. 11-cv-02079 |
| and | ) | |
| | ) | |
| KEYOP EXERCISE, INC., MEZOLINK, INC. | ) | |
| (F/K/A INTEGRATED DATA SECURITY | ) | |
| INC.), VCN CELECT.ORG, LLC, | ) | |
| VCOMM NETWORKS OF CANADA, | ) | |
| | ) | |
| Relief Defendants. | ) | |

**RECEIVER'S FINAL REPORT AND PLAN OF DISTRIBUTION**

As attached to this Court's Order dated November 17, 2015

Timothy L. Bertschy, the Receiver (the "Receiver"), hereby files this Final Report and

Plan of Distribution (the "Plan") for the liquidation, distribution and/or disposal of the

remaining assets of the Receiver.  A hearing on confirmation of the Plan has been set for

November 4, 2015 at 10:00 am (Central Time).  Your rights may be affected.  You should read

these papers carefully and discuss them with your attorney, if you have one.  All creditors

should refer to the contents of this Plan for information regarding the precise treatment of

their claims, and for instructions on how objections may be made.

I.     SUMMARY OF THE PLAN

As of the date of this filing, the Receiver's investigation of its assets and affairs has

substantially concluded. The Plan set forth herein provides for the distribution or other disposition of substantially all of the remaining assets constituting the receivership estate (the "Receivership Estate" or "Estate"). Distribution of the funds (set forth below) shall occur no later than twenty (20) days following approval and confirmation of the Plan by this Court and entry of the Final Order. Although the disclosures made herein reflect the best information available at this time, they are subject to change.

Attached hereto as Exhibit "A" is a final accounting (current through September 30, 2015) (the "Final Accounting"), which shows recoveries, outstanding attorneys' fees and expenses, and proposed distributions. The Final Accounting reflects that, as of September 30, 2105, the Receivership holds $629,365.82 in liquid assets. The Receiver's attorneys' fees and expenses through September 30, 2015 total $593,412.81. The Receiver requests, by separate motion, that these amounts, as well as any additional fees incurred in prior to entry of the Final Order, be satisfied from the total amount of liquid assets in the Receivership Estate. Finally, the Receiver expects an additional distribution from the SEC Fair Fund in the amount of $120,000.00.[1] (See Order Approving Plan of Distribution, in *In the Matter of Comprehensive Capital Management, Inc.,* Respondent, United States Securities and Exchange Commission file number: 3-15393, entered June 23, 2015, release number 75264 (the "SEC Order Approving Plan of Distribution")).

Also, the Receiver currently has a number of outstanding settlements which are set to be paid for a period past the life of the Receivership Estate. It is recommended that any amounts remaining or recovered following termination of the Receivership Estate, after

---

[1] Receipt of the funds of the SEC Fair Fund is contingent upon approval, by the SEC of the Receiver's proposed Plan of Distribution.

application of any attorneys' fees and expenses, be distributed to the injured investors as set forth below.

As set forth in the Final Accounting, the Receiver proposes the following distributions: (1) the Fair Fund shall be distributed to all investors harmed by the fraud of Timothy Roth (as required by the SEC's Order Approving Plan of Distribution); at the hearing set for November 4, 2015, the Receiver will present an updated accounting reflecting fees and expenses incurred by the Receiver through that date; and (2) to the extent that any funds remain following this Court's entry of the order approving the Receiver's Final Report and Plan of Distribution, the Receiver proposes they be distributed according to allocation set forth in the Final Accounting.[2] Assuming the best case scenario in which all future settlement funds are received from settlements and claims which survive the Receivership, it is not expected that the injured investors will be fully compensated for their losses.  Accordingly, it is not expected that any funds will remain available for distribution to other creditors, including taxing authorities, of the Receivership Estate.

**II.    BACKGROUND**

   *a.  Events Leading to Receiver's Appointment*

From 2003 through 2011, the Defendant in this case, Timothy J. Roth ("Tim Roth" or "Roth"), a Champaign-Urbana, Illinois-based investment adviser, misappropriated approximately $16 million worth of client funds from individuals and certain non-qualified option compensation plans for which he provided investment services and advice. This misappropriation was accomplished in part through actions taken by Tim Roth using KeyOp

---

[2] The Receiver's distribution of remaining funds does not include injured investor Donna Carroll, as Ms. Carroll did not file a claim in the Receivership.

Exercise, Inc. ("KeyOp"), an Illinois corporation owned and/or controlled by Tim Roth.

Tim Roth transferred some of the stolen money to Mezolink, Inc. ("Mezolink"), an Illinois corporation, VCNCelect.org ("Celect"), a California limited liability company, and VComm Network Canada, Inc. ("VComm"), a Canada corporation; companies in which Tim Roth had ownership and/or financial interests. Additional funds were transferred by Tim Roth to various individuals and entities in the form of gifts, loans, or investments.

When the fraud was discovered in early 2011, the United States Securities and Exchange Commission (the "SEC") filed the instant case and sought a temporary restraining order freezing the stolen monies and accounts of Tim Roth, KeyOp, Mezolink, Celect and VComm, and requesting the appointment of a receiver. (See ECF Nos. 1 – 9, March 21, 2011, ECF No. 26, March 30, 2011). On March 31, 2011, this Court entered an Agreed Order for Preliminary Injunction (ECF No. 29) and appointed the undersigned as Receiver for (1) the estate of Defendant Tim Roth; (2) KeyOp, Mezolink, Celect and VComm (together, the "Relief Defendants"); (3) all funds, accounts, and other assets held by or for the benefit of Defendant or Relief Defendants that were received, directly or indirectly, from Defendant or Relief Defendant; and (4) every other corporation, partnership, trust and/or other entity (regardless of form) that is directly or indirectly owned by or under the direct control of Defendant or Relief Defendants (ECF No. 31) (the "Order Appointing Receiver").

   b. *Receiver's Investigation and Recovery Efforts*

Following his appointment, the Receiver, acting pursuant to the powers granted to him in the Order Appointing Receiver, investigated the scope of the fraudulent scheme, including identifying and locating the investors whose funds were stolen by Roth and the location of

stolen funds and assets purchased with those funds, as well as identifying other creditors of the Receivership Estate.  The investigation included a forensic accounting of the relevant records (to the extent such records existed or were available to the Receiver), as well as discovery conducted pursuant to the powers granted to the Receiver.

Throughout the course of this matter, the Receiver filed quarterly reports with the Court detailing the Receiver's progress in his efforts to investigate and recover assets belonging to the Receivership Estate, the latest such quarterly report being the Twenty-Eighth Report of Receiver, filed July 15, 2015 (ECF No. 257).  An overview of the collection efforts is included herein.  For more detailed information on any of the listed items, please refer to the quarterly reports.  Copies of the quarterly reports and other filings can be found at http://rothcosreceiver.com under the "Civil Court Documents" tab.

III.    RECOVERY TO DATE

The Receiver's total recovery to date is the product of the funds recovered from sales of assets of Timothy Roth and the lawsuits pursued by the Receiver.

a.  *Sales of Receivership Assets and Recovered Funds*

The Receiver has sold, after this Court's approval, the following assets recovered from Tim Roth and Relief Defendants:

- A Ford Truck owned by Tim Roth;

- A Mercedes owned by Tim Roth;

- Office furniture from Celect to Whole Cubes, LLC;

- Computers and related electronic equipment to Integrity Global Solutions, Inc.;

- The business operations of VCN Celect.org, LLC and VCOMM Networks of Canada to All Web Network, Inc.;

- Telephones owned by Keysoft to the Champaign Telephone Company; and

- Various other miscellaneous items including an air conditioning unit, computers, clocks, a security camera, 22" LCD televisions along with other items were sold through eBay.

  b. *Ancillary Proceedings*

The Receiver has filed separate lawsuits against a number of parties to recover funds that were misappropriated by Tim Roth.  On March 8, 2012, the Receiver filed a complaint in case number 12-CV-2078 against Comprehensive Group Capital Management, Inc. ("CCM") and Comprehensive Asset Management Servicing, Inc. ("CAMAS") (12-CV-2078, ECF No. 1).  This case was consolidated with case Nos. 11-CV-2287 and 13-CV-2012, and these claims, along with potential claims against TD Ameritrade (the custodian of certain of the investor accounts), were mediated on July 9 and 10, 2013.  These claims were ultimately negotiated to settlement, the specifics of which are to remain confidential per the settlement order.  On December 13, 2013, the Receiver filed a Motion (ECF No. 214) seeking approval of the settlements between the investors and CCM, CAMAS and TD Ameritrade. On January 15, 2014, this Court, *via* written Order (ECF No. 224), granted the Receiver's Motion.

On March 6, 2013, the Receiver filed suit against several of the former directors and officers of Celect, Vcomm, KeyOp, and Optimum Interactive (USA), Ltd., companies controlled by Tim Roth, in case number 13-CV-2057, alleging breaches of fiduciary duty and negligence.  (13-CV-2057, ECF No. 1, ECF No. 58, ECF No. 76).  The parties reached a settlement in that matter and the Receiver filed his Motion to approve that settlement (13-CV-2057, ECF No. 81) which was granted by this Court *via* written Order (13-CV-2057, ECF

No. 84) on September 11, 2015.   The Receiver moved for voluntary dismissal of the remaining two defendants, Gregory and Karen Roth (13-CV-2057, ECF No. 87), due to their inability to satisfy any judgment, which was confirmed by financial affidavits submitted to the Receiver by those parties.

The Receiver also entered into a settlement agreement with Richard D. Miller and Caught in the Crossfire, LLC (13-CV-1298, ECF No. 254) related to their respective interests in a film entitled "Caught in the Crossfire", the rights to which were entangled in a bankruptcy proceeding in the Central District of California case No. 2:12-bk-43165-ER.  This agreement was approved by this Court, *via* minute entry, following a hearing on July 24, 2015.

On July 2, 2013, the Receiver filed an Omnibus Complaint for Monies Owed to the Receivership (13-CV-1298, ECF No. 1) against several individuals and companies seeking to consolidate a number of claims the Receiver possessed. That Complaint named: (1) Anthony Roth; (2) Commerce Planet, Inc.; (3) Red Barn Coffee Roasters, Inc.; (4) Rickshaw Media Group, Inc.; (5) Derek Chin; (6) Theodore Roth; (7) Berna Kasarci; (8) James Huber; (9) Brian Adams; (10) David Brown; (11) Aaron Wagener; (12) Terri Mathis; and (13) KCM Autocare, Inc.  On July 13, 2015, The Receiver filed his First Amended Omnibus Complaint (13-CV-1298, ECF No. 63) which named the above-individuals and added counts against: Scott Gooden; Corey Mathis; Vyze Productions, Inc.; and Michael Flynn. Some of the claims in the First Amended Omnibus Complaint have been resolved by settlement and others remain pending (See below).

Additionally, the Receiver has moved for Entry of Default against Rickshaw Media

Group, Inc. and Berna Kasarci (13-CV-1298, ECF No. 66) which this Court granted through a written Order (13-CV-1289, ECF No. 68) on August 18, 2015.   Based on additional information gleaned from various sources, it was determined that Vyze Productions, Inc. and Commerce Planet, Inc. were defunct with no substantial assets.   Rather than expend further resources pursuing claims against these entities for which no recovery was likely, the Receiver moved for approval from this Court for voluntary dismissal of these claims. (13-CV-1289, ECF Nos. 78 & 80).   Also, the Receiver entered into a settlement agreement with QPS, without filing suit, for royalties owed to Keysoft Group.

   c.   *Pending Claims and Future Income*

   In case number 11-CV-2079, the Receiver has potential future income from settlements reached in that case with: (1) Leon Odendaal, related to assignment of a claim for which he is a creditor related to a settlement of a case brought in the Northern District of Ohio (ECF No. 212); (2) Atish Doshi and Black Card Media (ECF No. 206); and (3) Caught in the Crossfire, LLC (ECF No. 261).

   In case number 13-CV-1298, the Receiver is due and owed potential future income from settlements with: (1) Terri Mathis; (2) Brian Adams; (3) Derek Chin; and (4) Red Barn Coffee Roasters, Inc.

   Additionally, in 13-CV-1298, the Receiver continues to pursue claims against the following individuals: (1) Scott Gooden; (2) Michael Flynn; (3) Theodore Roth; and (4) Corey Mathis.  The Receiver remains in active pursuit of these claims though the total recovery on these claims is not expected to be substantial.

   d.   *SEC Fair Fund*

The Receivership Estate expects to receive certain funds in the amount of ONE HUNDRED AND TWENTY THOUSAND AND 00/100 ($120,000.00) (the "Fair Fund") which, as discussed previously, is to be distributed in accordance with SEC's Order Approving Plan of Distribution.

## IV.   DISTRIBUTION PLAN

The Receiver proposes any remaining funds, after application of the fees and expenses set forth herein, and the SEC Fair Fund funds be distributed to the injured investors in accordance with the allocations set forth in the Final Accounting, attached as Exhibit A.[3] Following termination of the Receivership Estate, the remaining outstanding settlements and future funds recovered, if any, from the pending claims, after application of attorneys' fees and costs, will be distributed in accordance with the *pro rata* shares, as indicated in the Final Accounting.

## V.   CLAIMS AGAINST THE RECEIVERSHIP ESTATE

The Receiver previously created in the website a claims form for those parties who have claims against Mr. Roth or any of the Relief Defendants.  The deadline for the receipt of claims was March 31, 2013.  Notice of the closing of the period for receipt of claims was served on the parties to this case, claimants, and all other interested persons and entities of which the Receiver has been made aware on February 6, 2013, via e-mail, and notice was published in compliance with the Court's Order of January 29, 2013 (ECF No. 180).  A schedule of claims filed before the claims closure date is attached hereto as Exhibit B.  No funds will remain to pay these creditors.

---

[3]Receipt of the funds of the SEC Fair Fund is contingent upon approval, by the SEC, of the Receiver's Plan.

**VI.** **ADDITIONAL MATTERS**

   a. *Receiver's Website*

The Receiver has maintained a website ([www.rothcosreceiver.com](www.rothcosreceiver.com)) to keep claimants and other interested parties apprised of the status of the Receivership Estate. The Receiver proposes posting a notice on the website for 30 days after entry of an order from this Court approving the Receiver's Final Report and closing the Receivership Estate after which time, the website may be shut down and discontinued without further order of this Court.

   b. *Miscellaneous Assets*

The Receiver is also in possession of miscellaneous personal property, including computers and other various office-related equipment and furniture. These items are obsolete and have minimal value. As such, the Receiver has filed a motion seeking permission from this Court to retain a service to properly destroy records and to dispose of the electronics and other such assets, barring any claims that the same should be preserved. (See Motion for Order Approving Receiver's Final Report and Plan of Distribution, Approving Final Applications of Compensation, Terminating the Receivership, Discharging the Receiver and For Other Relief, filed contemporaneously herewith.

   c. *Final Order*

Upon entry of this Court's Order approving this Final Report and Plan of Distribution, the such order shall control the legal rights of all parties, individuals and entities associated with the Receivership as stated therein, which shall be binding to the extent specified in the Order.

Gregory J. Rastatter

By:     s/Gregory J. Rastatter
Heyl, Royster, Voelker & Allen
124 SW Adams Street
Suite 600
Peoria, Illinois 61602
Telephone: 309.676.0400
Facsimile: 309.676.3374
ARDC #6280965

**Final Accounting (Amended)**
*United States Securities and Exchange Commission v. Timothy J. Roth,* Case No. 11-CV-2079
**As of November 3, 2015**

| Receivership Estate | | |
|---|---|---|
| Receivership Recovery Less Distributions, Attorneys' Fees and Expenses | $ | 629,365.82 |
| Outstanding Attorneys' Fees and Expenses | $ | (608,864.74) |
| Projected Fees and Expenses for Nov. 4, 2015 | $ | (5,000.00) |
| Expenses for Destruction and Disposition of Remaining Assets | $ | (1,489.65) |
| **Net** | **$** | **14,011.43** |

**Distributions to Investors**

**SEC Fair Fund**

| | | Amount of Distribution | Allocation (Pro Rata) |
|---|---|---|---|
| Hamilton Trusts | $ | 1,644.00 | 1.37% |
| Sentara | $ | 54,408.00 | 45.34% |
| TIC | $ | 20,916.00 | 17.43% |
| Hickory Point | $ | 14,352.00 | 11.96% |
| St. Paul | $ | 12,804.00 | 10.67% |
| Audrey Hodgins | $ | 14,856.00 | 12.38% |
| Donna Carroll | $ | 1,020.00 | 0.85% |
| Total | $ | 120,000.00 | 100.00% |

**Future Funds**

| | |
|---|---|
| Sentara | 45.73% |
| TIC | 17.58% |
| Hickory Point | 12.07% |
| St. Paul | 10.76% |
| Audrey Hodgins | 12.48% |
| Total | 100.00% |

## Claimants

| Name on Claim | Company/Fraternity | Type of Claim | Amount Claimed |
|---|---|---|---|
| Nicholas Begich, III | FarShore Ventures, LLC | Services Performed | $1,784.30 |
| Nicholas Begich, III | FarShore Ventures II, LLC | Services Performed | $40,459.13 |
| Pam de Vries | Highway Pentecostal Church | Undeveloped Websites | $563.87 |
| Gina Fieramosca | Former Celect Employee | Wages/Salary | $1,281.79 |
| Dan Horning | Kappa Alpha Order-Alpha Nu Chapter | Website Funds Deposited | $449.00 |
| Tim Humphries | Alpha Omicron Pi | Website Funds Deposited/ Undeveloped Websites | $20,295.00 |
| Adam Jacobs | Genesis Adaptive | Services Performed | $9,287.50 |
| Philip Josephson | Alpha Gamma Rho-Galstad Claim | Website Funds Deposited | $500.00 |
| Philip Josephson | Alpha Gamma Rho-Schaumberg Claim | Website Funds Deposited | $2,000.00 |
| Delbert Ketteman | Parking Solutions, Inc. | Services Performed | $1,473.94 |
| Elaine King | Pentecostal Assemblies of Canada | Goods Sold | $8,486.53 |
| Joseph Lovell | CFS, Services, Inc. | Services Performed | $16,408.89 |
| Katie Morgan | Alpha Gamma Delta-Rho Chapter at Iowa State University | Website Funds Deposited | $1,512.43 |
| Lawrence Nessenson | American Express Centurion Bank, FSB | Goods Sold/ Services Performed | $132,257.89 |
| Diane Roblin-Lee | By Design Media | Goods Sold | $5,000.00 |
| Toby Smith | Phi Kappa Sigma International Fraternity, Inc. | Undeveloped Websites | $7,450.00 |
| Jeremy Turner | Former Celect Employee | Wages/Salary | $9,800.00 |
| Jeremy Turner | Davis Alpha Gamma Rho Alumni Association | Websites Funds Deposited | $551.16 |
| Theodore Veatch | Former Mezolink Employee | Wages/Salary | $1,730.77 |
| Paul De Grijp | BackupAgent BV | Services Performed | $1,435.54 |
| Larry Willard | Castle Quay Books | Services Performed | $8,400.00 |
| Chad Ritchie/Kim Ragle | Flanagan State Bank | Other- Rent | $15,800.00 |
| William Seligstein | FedEx TechConnect, Inc | Services Performed | $1,590.74 |

B

| | | | |
|---|---|---|---|
| Jordan Commander | Theta Xi Fraternity | Website Funds Deposited | $3,700.00 |
| Adam Gluskin | Sigma Chi Fraternity-Kappa Sigma Chapter | Website Funds Deposited | $3,497.42 |
| Ronald Trucks | Theta Xi Fraternity | Undeveloped Websites | $5,500.00 |
| Marty Weigel | Mark Bailey & Company, Ltd. | Services Performed-Mezolink | $24,796.68 |
| Marty Weigel | Mark Bailey & Company, Ltd. | Services Performed-Celect | $20,000.00 |
| Darald Stubbs | Southeastern Panhellenic Association | Services Performed | $87,767.42 |
| Dana Chudzinski | House of Roland, Inc. | Goods Sold/ Services Performed | $3,300.00 |
| Judy Hearn | The Pentecostal Assemblies of Canada | Services Performed | $2,235.03 |
| Stephen Bernstein | Alpha Epsilon Pi Fraternity, Inc Univ of Wisconsin | Website Funds Deposited | $14,335.00 |
| Roy Groesbeck | Mueller & Co., LLP | Services Performed | $5,300.00 |
| William Warren | Royal Transit, Inc | Services Performed | $47.25 |
| Cassandra Clark | AT&T Services, Inc. James Grudas, Esq. | Services Performed | $38,804.51 |
| Brian Hendricks | Design & Manufacturing, Inc. | Website Funds-Deposited | $10,061.02 |
| Charles Kroeker | Bird River Camping Inc. aka Bird River Bible Camp | Other-claim for payment for building a new website and getting a new host | $454.81 |
| William Piper | Former Mezolink Employee | Wages/Salary | $14,000.00 |
| Lynn Fiscella | Fiscella Building Services, Inc. | Services Performed | $320.00 |
| Brian Kirk | Former Mezolink Employee | Wages/Salary | $18,627.38 |
| John Stringfellow | Sigma Alpha Epsilon Fraternity, NC Theta Chapter | Website Funds Deposited | $6,825.00 |
| James Zumwalt and Matt Full | Alpha Corporation Educational Foundation | Other-Investment | $220,000.00 |
| David Rolf | | | |
| Brian Bollig | Sprint Nextel Corporation | Services Performed | $294.96 |
| Ray Cotty | Purity Plus an RK Dixon Company | Services Performed | $239.70 |

| | | | |
|---|---|---|---|
| Avery Gaddis | Alpha Phi Alpha Faternity, Inc. | Other/ Website funds deposited | $675.00 |
| Thomas Miller | ML Imaging Inc., DBA Quartet Digital Printing Service Management | Services Performed | $750.39 |
| Lawrence Sheets | Dynamix, LLC | Services Performed | $7,396.97 |
| Suzanne Raiche | Norton Rose OR LLP | Services Performed | $6,342.89 |
| Lance Steeves | Cold Lake Community Church | Website Funds Deposited | $5,795.60 |
| Mary Ann Royse | M2 on Neil LLC | Other-Back and Accruing Rent | $187,404.17 |
| Jesse Lyons | Fraternity Communications Association | Website Funds Deposited | $8,750.00 |
| Jennifer Richards | Citrix Online, LLC | Services Performed | $589.76 |
| Rosemarie Sopher | Delta Phi Mu Sorority, Inc. | Website Funds Deposited | $280.00 |
| Brian Sullivan | CACH, LLC (Bank of America Credit Card) | Services Performed | $19,439.62 |
| Michael Katz | Sigma Chi Fraternity-Epsilon Chapter at The George Washington University | Website Funds Deposited | $7,707.01 |
| Masha Trenhaile | Fox/Atkins Development, LLC | Other-Back and Accruing Rent | $6,192.86 |
| Brad Stevens | Dallas Sigma Chi Alumni Chapter | Website Funds Deposited | $560.00 |
| Brian Adams | | Wages/Salary | $257,616.12 |
| Brian Adams | | Other-Secured/Guaranteed Loan | $55,545.00 |
| Brian Adams | | Other-Secured/Guaranteed Loan | $106,599.00 |
| Brian Adams | | Other-Unpaid Earn-out Per Asset Purchase Agreement | $5,175.58 |
| Brian Adams | | Other-Unreimbursed Expenses | $4,101.91 |
| Joe Rosenthal | Pretzel & Stouffer Chartered | Services Performed | $24,025.00 |
| Amanda Heilers | Dallas Allumnae Chapter of Delta Delta Delta | Website Funds Deposited | $642.00 |
| Mary Brellinger | Internal Revenue Service, St. Louis, MO | Other- Taxes | $156,270.87 |

| | | | |
|---|---|---|---|
| Sharity Woods | Illinois Department of Revenue | Other-Taxes | $5,409.34 |
| Marin West | Illinois Bell Telephone Company, c/o James Grudus, Esq. | Services Performed | $2,452.00 |
| Jeff Haynes | Haynes Construction | Services Performed | $6,385.37 |
| Michelle Brooks | City of Urbana | Services Performed | $115.80 |
| Mike Keweshan | Hamilton Brook Smith Reynolds | Services Performed | $680.00 |
| Mike Keweshan | Hamilton Brook Smith Reynolds | Services Performed | $5,243.50 |
| Julie Bell | Midland States Bank | Services Performed/other | $280,561.44 |
| Kevin Glowacz | Former Chapter Communications Employee | Wages/Salary | $30,055.47 |
| David Hensleigh | TopTrips LLC | Services Performed | $122.00 |
| Michael McClure | | Services Performed/other | $1,200.00 |
| Gary Burgett | Smith/Burgett Architects | Services Performed | $5,583.50 |
| Lisa Pearson | NYS Department of Labor In re: 49-55326 2  (Taxes) | Other | $429.26 |
| Patrick Spegal | KCM Auto Care | Goods Sold/ Services Performed/ Wages | $19,650.48 |
| Kimberly Scott | Alabama Department of Labor (Taxes) | Other | $617.56 |
| Debbie Cagle | Health Alliance Medical Plans, Inc. | Services Performed | $1,313.00 |
| Elias Christopoulos | Barclays Bank of Delaware | Other | $5,595.01 |
| Jonathan Mazin | | Wages/Salary | $2,145.32 |
| James McGinn | State of NY Workers Compensation Board- Judgment Unit (Taxes) | Other | $8,534.33 |
| Joseph Orvos | | Wages/Salary | $60,082.00 |
| Steven Blakely | Terri Mathis | Other | $205,000.00 |
| Deborah Seabright | | Services Performed | $150.00 |
| Ronald Bretzke | TD Ameritrade Individual IRA | Other | $1,708.73 |
| | | **Total** | **$2,273,518.52** |

# Investors

| | | | |
|---|---|---|---|
| Sherrie Monteiro | Travelers Insurance on behalf of Great Lakes Higher Education Corporation Option Plan | Investor | $1,906,541.00 |
| Matthew Henry | TIC Holdings | | $3,012,959.39 |
| Gary Bryant | Sentara Healthcare | Investor | $9,902,039.00 |
| Jessica Hodgins | Audrey Salentin Hodgins Trust | Investor | $2,073,330.54 |
| Jeremy Harrell | Archer Daniels Midland Co | Investor | $1,326,292.00 |
| Susan Patterson | Elizabeth Hamilton Trust | Other | $485,000.00 |
| | | **Total** | **$18,706,161.93** |